JAY R. WEILL (State Bar No. 75434)
Email: *jweill@sideman.com*
EMILY KINGSTON (State Bar No. 184753)
Email: *ekingston@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Defendant
SHAILESHKUMAR JAIN
a/k/a SAM JAIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAILESHKUMAR JAIN, a/k/a SAM JAIN,<br><br>Defendant. | CASE NO. CR-08-00197 RMW<br><br>**NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS AND TO COMPEL DISCOVERY**<br><br>Date:   July 7, 2008<br>Time:  9:00 a.m.<br>Place:  Courtroom # 6 |

**PLEASE TAKE NOTICE** that on July 7, 2008 at 9:00 a.m., before the Honorable Ronald M. Whyte, United States District Judge, in Courtroom # 6 located on the 4th Floor, 280 South 1st Street, San Jose, California 95113, the Defendant will move this Court for a Bill of Particulars and to compel discovery.

### Introduction

The Defendant was indicted on March 26, 2008 with 31 counts relating to the allegation that the Defendant distributed counterfeit Symantec computer security software. The Defendant is alleged to have advertised for sale genuine Symantec computer security software but knowingly sold and distributed counterfeit software. The Defendant was arraigned on May 22, 2008, and the Speedy Trial Act expires on July 31, 2008. The Government has produced to date a total of 9,452

pages of discovery in two separate productions, the first occurring on June 5, 2008 and the second on June 13, 2008. Most of the documents are redacted and provide little or no assistance to the Defendant in preparing his defense to the charges against him.

The Defendant is a United States citizen with a B.S. degree in computer engineering and science from Pennsylvania State University. He has been actively engaged in computer software development and consulting since 1993, and in online marketing and e-commerce through Internet–based business ventures since 1998. For at least the last six years, the Defendant has not resided in the United States, but has recently temporarily acquired an apartment in San Francisco in order to answer to the current charges filed against him.

The Government claims in the Indictment that the Defendant advertised for sale and sold Symantec computer security software, which the Defendant knew was counterfeit. Count One of the indictment charges that the Defendant reproduced and distributed at least 10 unauthorized copies of Symantec computer security software, resulting in copyright infringement. In Counts Two through Thirteen, the Defendant is charged with knowingly transporting, transferring, and disposing for value 12 packages of counterfeit Symantec computer security software. In Counts Fourteen through Thirty-One, the Defendant is charged with wire and mail fraud by delivering 9 counterfeit CDs of Symantec computer security software.

## Motion for Bill of Particulars

The Government has to date produced 9,452 pages of discovery, the last production being on June 13, 2008. The documents consist primarily of thousands of pages of redacted Airborne Express shipping records, Symantec product returns, and bank records. The Government has to date failed to produce witness statements or the reports of experts it intends to call, and the summary of their testimony, to establish that the Symantec computer security software at issue in the Indictment was counterfeit. Moreover, we are unaware of a single piece of paper produced by the Government to date that evidences or even suggests that the Defendant was aware that any of the Symantec computer security software purchased by the Defendant's companies on the Internet for sale and distribution on the Internet was counterfeit.

In view of the Government's redaction of substantially all the 9,452 pages of discovery produced to date, the Government should be compelled to answer the following questions in a bill of particulars:

1. Court One alleges that the Defendant reproduced and distributed at least 10 unauthorized copies of Symantec copyrighted works. The Government should identify each copyrighted work it alleges the Defendant was unauthorized to copy, identify each unauthorized copy, and whether any or all of such copies are alleged to be counterfeit, the identity and address of each of the recipients of the copied discs, and the Bates numbers the documents that evidence each such shipment.

2. Counts Two-Thirteen allege that the Defendant intentionally trafficked in goods and knowingly used counterfeit marks by transporting, transferring and disposing of for value 12 packages of counterfeit computer software. The government should identify each disc that the government alleges was counterfeit, and the identity and address of each of the recipients of the allegedly counterfeit software, and identify by Bates number the documents that evidence each such shipment.

3. Counts Fourteen-Thirty One allege that the Defendant committed mail and wire fraud by distributing to specific addresses 9 specific shipments of Symantec computer security software, which the Defendant knew to be counterfeit. The government should identify each shipment the government claims was counterfeit, and the identity of each of the recipients to whom the shipments were sent, and identify by Bates number the documents that evidence each such shipment.

4. The Government should identify the number of units of Symantec computer security software that the Government claims the Defendant, by and through his Internet-based companies, acquired or purchased for distribution to consumers.

5. The Government should identify the name and address of the supplier or vendor, whom the Defendant, by and through his Internet-based companies, acquired or purchased the Symantec computer security software and the number of units purchased or acquired from each vendor or suppliers.

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

6. The Government should identify the number of units of Symantec computer security software that the Government claims the Defendant, by and through his Internet-based companies, distributed to consumers.

7. The Government should identify the number of units of Symantec computer security software that the Government claims the Defendant, by and through his Internet-based companies, were distributed to consumers, which the Government claims were counterfeit.

8. The Government should identify the number of units of Symantec computer security software that the Government claims the Defendant, by and through his Internet-based companies, were distributed to consumers which the Government claims were not counterfeit.

9. The Government should identify the number of units of Symantec computer security software that were distributed to consumers, which are in the possession of the Government.

## Motion to Compel Discovery

Despite the Defendant's repeated requests, the Government has failed to produce documents and items which the Defendant is entitled to have before trial. The Defendant has attempted to meet and confer with Government counsel as to each of these issues. However, Government counsel has failed to respond to the Defendant's efforts to meet and confer as to these issues.

The Defendant requests that the Court order the Government to produce the following:

1. The actual Symantec computer security software CDs that the Government claims are counterfeit that were distributed by the Defendant so that the CDs can be analyzed by the Defendant's experts.

2. Copies of any and all actual Symantec computer security software CDs distributed by the Defendant in the possession of the government, which the government does not claim are counterfeit.

3. Reports of the Government's experts, and a written summary of each expert's proposed expert testimony, as required by Fed .R. Crim. P. 16(a)(F) and (G).

    4.    Unredacted copies of all 9,524 pages of documents produced by the Government to date, and unredacted copies of any additional discovery to which the Defendant is entitled.

    5.    Witness statement of all prospective Government witnesses.

DATED: June 20, 2008

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By:   */s/ Jay R. Weill*
      Jay R. Weill
Attorneys for Defendant SHAILESHKUMAR JAIN
a/k/a SAM JAIN