JAY R. WEILL (State Bar No. 75434)
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111-3629
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Defendant SHAILESHKUMAR JAIN a/k/a SAM JAIN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHAILESHKUMAR JAIN, a/k/a SAM JAIN,<br><br>Defendant. | CASE NO. CR-08-00197 JMW (HRL)<br><br>**REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND FOR DISCOVERY**<br><br>Date:   July 17, 2008<br>Time:   9:30 a.m. |

## INTRODUCTION

The Government opposes the Defendant JAIN's request that it answer nine specific questions and provide discovery relating to the Indictment charging the Defendant with distributing counterfeit Symantec Corporation software. The Government claims that because it has produced a massive disclosure of 21,295[1] pages of discovery " indicating the scope of the Government's investigation," the purposes of a bill of particulars have been fulfilled. We disagree and ask that the Court require the Government to answer.

---

[1] On July 10, 2008 we received from the Government pages 19647-21,295 of discovery. The Government was therefore incorrect when it stated in its Opposition at page 6 filed June 26 that it had previously provided the Defendant with 21,295 pages of discovery.

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS AND FOR DISCOVERY

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3629

## INDICTMENT

JAIN was indicted on March 26, 2008 with 31 counts relating to the allegation that the Defendant distributed counterfeit Symantec computer security software. JAIN is alleged to have advertised for sale genuine Symantec software but knowingly sold and distributed counterfeit software. Count One of the Indictment charges that JAIN reproduced and distributed at least 10 unauthorized copies of Symantec software. In Counts Two through Thirteen, JAIN is charged with knowingly transporting, transferring, and disposing for value 12 packages of counterfeit Symantec software. These Counts list only the dates the packages were transported but not the name and addresses.   In Counts Fourteen through Thirty-One, JAIN is charged with wire and mail fraud by delivering 9 items of counterfeit software. These Counts list the addresses but not the names of the recipients.

The Government makes reference in its Opposition at pages 2-3 to an investigation by Symantec and the filing of a civil action against JAIN and others for copyright infringement. JAIN did not participate in that litigation and his matter to set aside a default judgment was denied. The Government claims Symantec determined in the civil action that JAIN had sold approximately 26,800 counterfeit discs of Symantec software. The Government is mistaken because Symantec's purported expert in the civil case examined and opined that only 16 discs were likely counterfeit, and JAIN was not permitted to challenge Symantec's extrapolation.

## SYMANTEC CORPORATION'S CIVIL ACTION

Because the Government relies principally on the civil case for the facts underlying the Indictment, it is important for the Court to understand the background of the Symantec civil action and how it relates to JAIN's request for a bill of particulars and discovery. On January 18, 2008 we met with AUSA Richard Cheng and proffered to him , among other documents, all the pertinent pleadings relating to that civil case. The attached Exhibit A is an Index of the material we proffered to the AUSA.  We also provided the AUSA with press releases from the Department of Justice and Symantec in July 2007 which announced that a Mark Ma had been arrested in China and according to Symantec and the Government was the major producer of counterfeit Symantec software in the world. We proffered that an entity affiliated with JAIN, may have purchased 42

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1 pounds or 952 discs from a company the Government now claim was associated with Mark Ma,
2 out of the total of 40,620 discs purchased from 9 other vendors. Symantec first made this
3 disclosure public on November 6, 2006 when it sued Mark Ma and others for copyright
4 infringement. Symantec had not issued any public notice in 2003 that would put anyone on notice,
5 such as JAIN, that Ma Mark or companies associated with him were selling counterfeit Symantec
6 software. (Declaration of Jay R. Weill.)

7     Symantec Corporation filed a civil complaint against James Reno and JAIN and others on
8 April 29, 2004 in Federal District Court in Los Angeles, California. James Reno is a resident of
9 Cincinnati, Ohio and was associated with a company called Bytehosting Internet Services, LLC.
10 He distributed software products in the United States for entities affiliated with JAIN. The
11 Symantec civil complaint alleged trademark and copyright infringement by the civil defendants of
12 Symantec's software products. JAIN was not personally served with process and did not appear in
13 that case other than to oppose the default entered against him and to deny that he knowingly sold
14 or marketed any counterfeit Symantec software.

15     Only 16 discs were tested by Symantec in the civil action out of the 40,620[2] units
16 purchased by entities affiliated with JAIN for delivery to James Reno, which had a total retail
17 value of only $639.20 (16 x $39.95-retail sales price). James Reno's deposition was taken on July
18 24, 2004 by Symantec in the civil case and he produced for Symantec the shipping invoices for all
19 the Symantec software he received for distribution. Defense counsel provided a copy of the
20 deposition to AUSA Cheng and accompanying exhibits at the meeting on January 18. The records
21 disclosed that entities affiliated with JAIN purchased a total of 1732 pounds of Symantec software
22 discs from 10 different vendors which were shipped to James Reno in Ohio for distribution.

23     James Reno settled the civil case on December 10, 2004 by paying Symantec $15,000 and
24 agreeing to the entry of an injunction barring him from selling Symantec products or doing
25 business with JAIN. A default was entered against JAIN on December 9, 2004. The district court

26
27 [2] This is the number used by Symantec in the civil case.
28

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1    denied JAIN's motion for relief from default on March 28, 2005. JAIN had filed a declaration

2    under oath denying that he knowingly sold or marketed any counterfeit Symantec software.

3        Civil liability for copyright infringement is a strict liability tort. A defendant in a civil

4    copyright infringement case can be held civilly liable even if the infringement was done in good

5    faith without deprive intent. Armco Steel Corp. v. International Armament, 249 F.Supp. 954, 958

6    ( D. D.C. 1966) The orders and judgments in a civil case are inadmissible in a subsequent criminal

7    proceeding. Fed. R. Evid. 801(a)

8        Symantec's evidence used to obtain the default judgment against JAIN was through the

9    declaration of a Robert Freedman, who had been hired by Symantec to examine only 16 discs and

10   opined that there was a high likelihood/high probability that the 16 discs were counterfeit. He did

11   not testify nor was he examined by deposition in the civil case.

12       Symantec had hired a CPA in the civil case, William Mowery, who was asked to assume

13   that all  40,620 discs allegedly purchased by entities affiliated with JAIN from 10 different

14   vendors were counterfeit for his sales and damage calculations which he computed in the

15   following manner:

16           1,791 pounds of CDs X 22.68 CDs per pound

17           1,791  x 22.68   x  $39.95 = $1,622,764 in retail sales

18       · The district court in the civil action ruled in entering a default judgment against JAIN that

19   he was involved in the sale of at least 26,835 counterfeit copies of Symantec software. There was

20   no factual basis in the record for that finding.  Accordingly there is no information or logic to how

21   the district court went from the 16 discs examined by Robert Freedman, to the 40,620 discs

22   delivered to James Reno for distribution, and finally to the figure of 26,835 used in the default

23   judgment. More importantly, the Government has refused to disclose the total number of

24   purported counterfeit discs it claims JAIN willfully caused to be distributed; hence JAIN is

25   supposed to guess whether it is the 16 examined by Freedman or the total of alleged 40,620

26   distributed by James Reno or some lesser number. The Government is required to make that

27   disclosure now before trial not during the trial.

28

4
DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS AND FOR DISCOVERY

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

## A BILL OF PARTICULARS SHOULD BE ORDERED

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense. See C. Wright, Federal Practice and Procedure Sec. 130 (4d ed. 2008). Generally, if the information sought by JAIN is provided in the Indictment or in some acceptable alternate form, no bill of particulars is required. However, dumping thousands of redacted pages of discovery on JAIN does not provide JAIN with any meaningful way to prepare for trial, to prevent surprise, or to interpose a plea of double jeopardy, should he be prosecuted a second time. *United States v. Bortnovsky*, 820 F.2d. 572 (2nd Cir.1987). The Government's attempt to overwhelm JAIN with a massive disclosure of thousand of pages of redacted discovery to show "the scope of the government's investigation " is meaningless to the charges filed and has obscured the particulars of the charges in the Indictment which prohibits JAIN from preparing for trial and to prevent surprise. See *United States v. Lung* , 2006 WL 1668006 (D. Conn. May 17, 2006)

As we described above, Count One of the Indictment charges that at least 10 counterfeit Symantec discs were distributed; Count Two through Thirteen charges that 12 discs of counterfeit Symantec software was distributed; and Counts Fourteen through Thirty-One charge that 9 counterfeited discs were distributed. In preparing for trial defense counsel have attempted to locate and interview the recipients of the software discs listed in Counts Fourteen-Thirty- One of the Indictment since addresses were listed in those counts . We have attempted to locate the occupants of the addresses listed in Counts Fourteen through Thirty-One who allegedly received in 2003 counterfeit Symantec software from entities affiliated with JAIN. Our efforts have been hindered by the Government's failure to provide discovery. (See Declaration of Jay R. Weill, submitted <u>in</u> camera and ex-parte.)

Defense counsel  have exercised due diligence in their pretrial preparation in an attempt to locate the recipients of the Symantec software distributed by James Reno. Defense efforts have been unsuccessful because of the government's refusal to provide discovery. The government has

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1    refused to disclose who received the alleged counterfeit discs listed in the Indictment and how

2    many discs the Government claims were counterfeit. Symantec alleged in the civil action that

3    JAIN had bought and distributed 40,620 units of Symantec software. Robert Freedman examined

4    only 16 discs but Symantec's CPA witness was instructed in the civil action to assume that all

5    40,620 units were counterfeit, despite the fact that only 16 had been examined. The Government

6    refers to Freedman in its Opposition at page 8 but there is apparently no correlation between the

7    16 discs he examined and the discs listed in the Indictment. In order to defend this action, JAIN is

8    entitled to know what the Government, not Symantec, claims were counterfeit. Is it the 16

9    examined by Freedman, all the 40,620 units distributed by JAIN's company, or something less and

10    to whom they were distributed.

11      In view of the above, the Government should be compelled to answer the following nine

12    specific questions in a bill of particulars:

13      1.      Court One alleges that JAIN reproduced and distributed at least 10 unauthorized

14    copies of Symantec copyrighted works. The Government should identify each copyrighted work

15    it alleges JAIN was unauthorized to copy, identify each unauthorized copy, and whether any or all

16    of such copies are alleged to be counterfeit, the identity and address of each of the recipients of the

17    copied discs, and the Bates numbers the documents that evidence each such shipment.

18      2.      Counts Two-Thirteen allege that JAIN intentionally trafficked in goods and

19    knowingly used counterfeit marks by transporting, transferring and disposing of for value 12

20    packages of counterfeit computer software. The Government should identify each disc that the

21    government alleges was counterfeit, and the identity and address of each of the recipients of the

22    allegedly counterfeit software, and identify by Bates number the documents that evidence each

23    such shipment.

24      3.      Counts Fourteen-Thirty One allege that JAIN committed mail and wire fraud by

25    distributing to specific addresses 9 specific shipments of Symantec computer security software,

26    which JAIN allegedly knew to be counterfeit. The Government should identify each shipment the

27    government claims was counterfeit, and the identity of each of the recipients to whom the

28    shipments were sent, and identify by Bates number the documents that evidence each such

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS AND FOR DISCOVERY

1  shipment.

2      4.    The Government should identify the number of units of Symantec computer

3  security software that the Government claims JAIN, by and through his Internet-based companies,

4  acquired or purchased for distribution to consumers.

5      5.    The Government should identify the name and address of the supplier or vendor,

6  whom JAIN, by and through his Internet-based companies, acquired or purchased the Symantec

7  computer security software and the number of units purchased or acquired from each vendor or

8  suppliers.

9      6.    The Government should identify the number of units of Symantec computer

10  security software that the Government claims JAIN, by and through his Internet-based companies,

11  distributed to consumers.

12      7.    The Government should identify the number of units of Symantec computer

13  security software that the Government claims JAIN, by and through his Internet-based companies,

14  were distributed to consumers, which the Government claims were counterfeit.

15      8.    The Government should identify the number of units of Symantec computer

16  security software that the Government claims JAIN, by and through his Internet-based companies,

17  were distributed to consumers which the Government claims were not counterfeit.

18      9.    The Government should identify the number of units of Symantec computer

19  security software that were distributed to consumers, which are in the possession of the

20  Government.

21      The Government will have to establish beyond a reasonable doubt that JAIN knew that

22  some or all of the 40,620 Symantec software discs allegedly purchased by entities affiliated with

23  JAIN and subsequently distributed by James Reno were counterfeit. None of the thousands of

24  pieces of paper produced by the Government have anything to do with JAIN's state of mind or

25  knowledge that the discs purchased by entities affiliated with JAIN were counterfeit.  The

26  following is a compilation of the Government's discovery produced to date which purportedly

27  supports those charges:

28

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

| Bates # | Description |
|---------|-------------|
| 1-787 | Account statement for any account and emails at Merrill Lynch in the name of Rivonal Corporation opened up in June, 2004 in Uruguay. |
| 786-1380 | Redacted Airborne Express shipping records (See Exhibit B for an example). |
| 1381-1421 | Robert Freedman Declaration. This is Symantec's expert in the civil case which we provided to the Government in our meeting on January 18, 2008. The Government has not designated him as their trial expert. |
| 1422-1666 | Redacted Symantec customer records. |
| 1667-1720 | James Reno records produced in the Symantec civil case which we provided the Government on January 18, 2008. |
| 1721-2023 | Bank statement of an account at Pershing LLC in the name of Rivonal Corporation opened up on January 20, 2004. |
| 2024-2439 | Bank statement of an account at Bank of America. |
| 2440-2530 | Redacted Airborne Express shipping records (Exhibit C). |
| 2531-4719 | Redacted Gito software shipping records (Exhibit D). |
| 4720-9278 | Redacted product returns to software purchasing department. |
| 9279-9345 | User Manual for software. |
| 9346-9357 | Form W2 instruction. |
| 9358-9363 | Schedule listing product returns. |
| 9364-9452 | Call Back Training Manual. |
| 9452-13691 | Redacted American Express account records. |
| 13,692-19,645 | Bank records at Commercial Bank. The government has produced 5953 pieces of paper relating to an account in the name of Smallbiz and Michael Banner which has nothing to do with the Defendant and the charges in the Indictment |

The above discovery relates to what entities affiliated with JAIN apparently did with the $1,622,764 in proceeds from the sale of 40,260 Symantec software discs and the shipping records of the thousand of discs shipped by James Reno to redacted addresses. This discovery has no relevance to whether the discs were counterfeit and JAIN's knowledge of whether he knew that

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

10237/634795v1                                       8                    Case No. CR-08-00197 JMW
DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS AND FOR DISCOVERY

1  any of the software discs purchased by entities affiliated with JAIN and distributed by James Reno

2  were counterfeit.

3                              **MOTION TO COMPEL DISCOVERY**

4          The Speedy Trial Act clock has not been waived by JAIN for pretrial preparation purposes

5  except by the filing of this motion and the Government's motion to take Rule 15 depositions set to

6  be heard by Judge Whyte on July 21, 2008. The Government has not provided JAIN with copies

7  of the Symantec discs in the Government's possession or designated their experts as required by

8  Fed. R. Crim. P. 16(a) (F) and (G). Accordingly, for the reasons described above, JAIN requests

9  the government be ordered to produce the following:

10         1.      The actual Symantec computer security software CDs that the Government claims

11  are counterfeit that were distributed by JAIN so that the CDs can be analyzed by JAIN's experts.

12         2.      Copies of any and all actual Symantec computer security software CDs distributed

13  by JAIN in the possession of the government, which the government does not claim are

14  counterfeit.

15         3.      Reports of the Government's experts, and a written summary of each expert's

16  proposed expert testimony, as required by Fed .R. Crim. P. 16(a)(F) and (G).

17         4.      Unredacted copies of all 9,524 pages (now allegedly 21,295) of documents

18  produced by the Government to date, and unredacted copies of any additional discovery to which

19  JAIN is entitled.

20         5.      Witness statements of all prospective Government witnesses.

21                                    **CONCLUSION**

22         JAIN has been indicted for 31 counts of distributing Symantec software that he allegedly

23  knew to be counterfeit. Count One alleges that 10 or more counterfeit discs were distributed;

24  Counts Two through Thirteen allege that 12 counterfeit discs were distributed; and Counts

25  Fourteen through Thirty One allege that 9 counterfeit discs were distributed.  JAIN is entitled to

26  know what discs the Government is alleging were counterfeit and to whom they were allegedly

27  distributed.  Do the 31 counts include the same discs or all they different discs for each count?

28  JAIN is entitled to have every disc in the Government's possession examined by his own expert,

1    even those the government does not claim are counterfeit.

2        The Government is aware that entities affiliated with JAIN purchased approximately

3    40,620 discs from 10 different vendors. The Government is aware from the defense counsel's

4    presentation to AUSA Cheng on January 18, 2008 that one alleged vendor, Anji, was controlled

5    by a Mark Ma, who the Government and Symantec first claimed in November 2006 was the major

6    world-wide counterfeiter of Symantec software and is presently incarcerated in China. The

7    Government is aware that entities affiliated with JAIN allegedly purchased approximately 952

8    discs from Anji. JAIN is entitled to know whether the Government claims that all 40,620 discs

9    purchased by entities affiliated with JAIN from all 10 different vendors and distributed by James

10   Reno are counterfeit and JAIN was aware of it before they were distributed or whether the

11   Government claims that only the 952 discs purchased from Anji were counterfeit and that JAIN

12   was aware of it before he caused the 952 discs to be distributed by James Reno.

13       The Government is required to disclose the identity of any expert and a written summary

14   of his testimony it intends to call at trial. If the Government has chosen to use Symantec's witness

15   Robert Freedman as the Government's expert, so be it, but the Government must make the

16   disclosure now not days before the trial commences.

17       We have reviewed the massive disclosure of redacted discovery produced by the

18   Government that was purportedly meant to show JAIN " the scope of the government's

19   investigation. " However, not one piece of paper relates to whether JAIN was aware that any of

20   the 40,620 discs of Symantec software allegedly purchased by entities affiliated with JAIN and

21   distributed by James Reno was counterfeit. Rather, most of the discovery relates to what entities

22   affiliated with JAIN did years later with the approximately $1,622,764 in proceeds from the sale

23   of Symantec software.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

1    Under the circumstances of this case, the requested bill of particulars and discovery is

2  necessary in order for JAIN to prepare for trial, to prevent surprise, and to interpose a double

3  jeopardy should JAIN be a prosecuted a second time for same offense.

4

5  DATED: July 10, 2008                    Respectfully submitted,

6                                          SIDEMAN & BANCROFT LLP

7

8                                          By:   /s/ Jay R. Weill
                                                Jay R. Weill
9                                          Attorneys for Defendant SHAILESHKUMAR JAIN
                                           a/k/a SAM JAIN
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION
FOR BILL OF PARTICULARS AND FOR DISCOVERY

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 8TH FLOOR
SAN FRANCISCO, CALIFORNIA 94111

**EXHIBIT A**

# INDEX (Vol. I)

| NO. | DESCRIPTION |
|-----|-------------|
| A | *Keeler Brass Co. v. Continental Brass Co.* -- 862 F.2d 1063 (4th Cir. 1988) |
| B | *Armco Steel Corp. v. International Armament Corp.* – 249 F.Supp. 954 (U.S.D.C. 1966) |
| C | 17 USC §506 |
| D | Complaint filed 4/29/04 in *Symantec Corp. v. James Reno, et al.* |
| E | Declaration of Sam Jain filed 3/18/05 in *Symantec Corp. v. James Reno, et al.* |
| F | Civil Minutes 3/28/05 in *Symantec Corp. v. James Reno, et al.* |
| G | Civil Minutes 4/4/05 in *Symantec Corp. v. James Reno, et al.* |
| H | Judgment filed 4/5/05 against Sam Jain in *Symantec Corp. v. James Reno, et al.* |
| I | Settlement between James Reno and Symantec in *Symantec Corp. v. James Reno, et al.* |
| J | Deposition testimony of James Reno taken on 7/29/04 in *Symantec Corp. v. James Reno, et al.* |
| K | *Symantec Corp. v. ANYI, et al.* filed 11/6/06 |
| L | Symantec's Designation of Expert Witnesses in *Symantec Corp. v. James Reno, et al.* |
| M | Default Judgment entered against ANYI, et al. on 8/13/07 |
| N | Symantec Memorandum of Points & Authorities filed 3/16/07 in *Symantec Corp. v. ANYI, et al.* |
| O | Declaration of William Plante in *Symantec Corp. v. ANYI, et al.* filed 3/16/07 |
| P | Press Releases |
| Q | Declaration of Henry H. Gonzalez filed 3/16/07 in *Symantec Corp. v. ANYI, et al.* |

**EXHIBIT B**

000786

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT
Airbill #:    156832705S1

To(Company):

Attention To:
Phone#:

Sent By:    S. Manager
Phone#:    877-598-9551

Airborne Signature (optional) _____    Route _____    Date _____    Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE
Thank you for shipping with Airborne Express
Create New Shipment
View Pending Shipments

157131028S6 - 602509

Rate Estimate:    $7.17
Protection:    Not Required
Description:    McAfee Antivirus 6

Weight (lbs.):    Letter
Dimensions:    0 x 0 x 0

Ship Ref:    602509
Service Level:    Second Day (2nd
business day by 5 PM))

Special Svc:
COD Amount:
Payment Options:    $ 0.00
Date Printed:    5/28/02
Bill Shipment To:    Sender
Bill To Acct:



1239 8/99 S

1

000787

SENDER'S RECEIPT
Airbill #:  15630843653

... PHOTOCOPY could delay the delivery of your package and will result in additional shipping charge

... PHOTOCOPY

To: Company:

Attention To:
Phone#:

Sent By:    S. Administrator
Phone#:    877-598-9551

Airborne Signature (optional) _____

_____ Route _____ Date _____ Time _____

Rate Estimate:        $5.86
Protection:           Not Required
Description:          115003

Weight (lbs.):
Dimensions:           Letter
                      0 x 0 x 0

Ship Ref:             615107
Service Level:        Second Day (2nd
business day by 5 PM)

Special Svc:
COD Amount:           $ 0.00
Payment Options:
Date Printed:         5/14/02
Bill Shipment To:     Sender
Bill To Acct:

**AIRBORNE EXPRESS®**

1239 8/99 S

000788

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT

Airbill #:    15630843653

To (Company):

Attention To:
Phone#:

Sent By:    S. Administrator
Phone#:    877-586-9551

Airborne Signature (optional) _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE

Thank you for shipping with Airborne Express

Create New Shipment

Rate Estimate:    $5.86
Protection:    Not Required
Description:    115003

Weight (lbs.):    Letter
Dimensions:    0 x 0 x 0

Ship Ref.:    615107
Service Level:    Second Day (2nd
business day by 5 PM)

Special Svc.:
COD Amount:    $ 0.00
Payment Options:
Date Printed:    5/14/02
Bill Shipment To:
Bill To Acct:    Sender

Route _____    Date _____    Time _____

View Pending Shipments

**AIRBORNE
EXPRESS**®

1239 8/99 S

000789

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT  156770739SD
Airbill #:

Rate Estimate:         $6.03
Protection:            Not Required
Description:           McAfee Antivirus 6

To(Company):

Attention To:
Phone #:

Weight (lbs.):         Letter
Dimensions:            0 x 0 x 0

Ship Ref:              600428
Service Level:         Second Day(2nd
                       business day by 5PM)

Sent By:     S. Manager
Phone #:     877-598-9551

Special Svc:
COD Amount:            $ 0.00
Payment Options:
Date Printed:          5/24/02
Bill Shipment To:      Sender
Bill To Acct:

Airborne Signature (optional)              Route _____ Date _____ Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE
Thank you for shipping with Airborne Express
Create New Shipment              View Pending Shipments

156621045𝟹 - 600428


**AIRBORNE EXPRESS**

1239 8/99 S

000790

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

**SENDER'S RECEIPT**
Airbill #:    15701277351

To(Company):

Attention To:
Phone#:

Sent By:         S. Manager
Phone#:          877-586-9851

Airborne Signature (optional)

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE
Thank you for shipping with Airborne Express
Create New Shipment          View Pending Shipments

Rate Estimate:        $6.90
Protection:           Not Required
Description:          nav 3002

Weight (lbs.):        Letter
Dimensions:           0 x 0 x 0

Ship Ref:             523216
Service Level:        Second Day (2nd
business day by 5 PM)

Special Svc:
COD Amount:           $0.00
Payment Options:
Date Printed:         5/31/02
Bill Shipment To:
Bill To Acct:         Sender

Route _____   Date _____   Time _____

1571326SOSO - 533276



**AIRBORNE EXPRESS®**

1239 8/99 S

**EXHIBIT C**

Please fold or cut in half
## DO NOT PHOTOCOPY
Using a photocopy could delay the delivery of your package and will result in additional shipping charge

| | |
|---|---|
| SENDER'S RECEIPT | Rate Estimate: $5.10 |
| Airbill #: 16219880250 | Protection: Not Required |
| | Description: 1JS004 |
| To(Company): | |
| Steve Weinstock | |
| | Weight (lbs.): Letter |
| ▓▓▓▓▓▓▓▓ | Dimensions: 0 x 0 x 0 |
| ▓▓▓▓▓▓▓▓ | |
| UNITED STATES | Ship Ref: 669828 |
| Attention To: | Service Level: Second Day (2nd |
| Phone#: ▓▓▓▓▓ | business day by 5 PM) |
| | Special Svc: |
| | COD Amount: $0.00 |
| | Payment Options: |
| | Date Printed: 9/16/2002 |
| Sent By: S. Manager | Bill Shipment To: Sender |
| Phone#: 877-598-9551 | Bill To Acct: ▓▓▓▓▓▓ |

Airborne Signature (optional) _____ Route _____ Date _____ Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE

Thank you for shipping with Airborne Express

<u>Create New Shipment</u>        <u>View Pending Shipments</u>

## AIRBORNE EXPRESS®

https://corporateexchange.airborne.com/shipmentdocuments/labeldoc.asp

9/16/2002
1209 8/99 S

**Julie Reno**
_____

| | |
|---|---|
| **From:** | "CS" ██████████ |
| **To:** | "Julie Reno" ◄████████████ |
| **Sent:** | Monday, September 16, 2002 1:03 PM |
| **Subject:** | Airmail-01 09/16/02 |

09-16-2002

Dear James:

Requesting you to RUSH the following order via Airmail.

Order Number : 669828
Ticker Number : 161683
E-mail: ███████████
Product: Norton System Works pro 2002.
Reason: RMA created to return the NAV and committed to Airmail the NSW.

Regards,

Ramesh

Steve Weinstock



**2441**

9/16/02

Please fold or cut in half
## DO NOT PHOTOCOPY
Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT
Airbill #:    16219924151

To(Company)

Attention To:
Phone#:

Sent By:      S. Manager
Phone#:       877-598-9551

Rate Estimate:    $4.17
Protection:       Not Required
Description:      1|5003

Weight (lbs.):    Letter
Dimensions:       0 x 0 x 0

Ship Ref:         649969
Service Level:    Second Day (2nd
business day by 5 PM)

Special Svc:
COD Amount:       $ 0.00
Payment Options:
Date Printed:     9/16/2002
Bill Shipment To: Sender
Bill To Acct:

Airborne Signature (optional) _____ Route _____ Date _____ Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE
Thank you for shipping with Airborne Express
Create New Shipment         View Pending Shipments

## AIRBORNE
## EXPRESS.

https://corporateexchange.airborne.com/shipmentdocuments/labeldoc.asp

9/16/2002   1239 8/99 S

2442

## Julie Reno

| | |
|---|---|
| **From:** | "CS" ▓▓▓▓▓▓▓ |
| **To:** | "Julie Reno" <▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓> |
| **Sent:** | Saturday, September 14, 2002 1:39 AM |
| **Subject:** | Airmail-02 09/13/02 |

09-13-2002

Dear James:

Requesting you to RUSH the following order via Airmail.

Order Number : 649969
Ticker Number : 160212
E-mail: ▓▓▓▓▓▓▓▓▓▓▓▓▓
Product: Norton Antivirus 2002.
Reason: Order placed on 07/30/02, did not receive the first CD.

Regards,

Ramesh



**2443**

9/16/02

Please fold or cut in half

## DO NOT PHOTOCOPY

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT
Airbill #:    16219932551

To(Company):
   Peter Bellisario





Attention To:
Phone#:    ███████

Sent By:    S. Manager
Phone#:    877-598-9551

Rate Estimate:    $3.99
Protection:    Not Required
Description:    1|5005

Weight (lbs.):    Letter
Dimensions:    0 x 0 x 0

Ship Ref:    650837
Service Level:    Second Day (2nd business day by 5 PM)

Special Svc:
COD Amount:    $ 0.00
Payment Options:
Date Printed:    9/16/2002
Bill Shipment To:    Sender
Bill To Acct:    ███████

Airborne Signature (optional) _____ Route _____ Date _____ Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE

Thank you for shipping with Airborne Express

Create New Shipment      View Pending Shipments



https://corporateexchange.airborne.com/shipmentdocuments/labeldoc.asp

9/16/2002 1239 8/99 S

**2444**

**EXHIBIT D**

Gito Admin

Page 1 of 2


gito.com/software

**Search | Order List | RMA List**

**Admin**
Simple Search
Advanced Search
Order List
Manually Add Order

**Admin**
Flagged Orders

**RMA (Returns)**
RMA List
RMA Search
Add RMA

## Order Information
[Flag Order for Inspection]

| | |
|---|---|
| Order Number | 653765 |
| | [print sales draft] |
| Order Date | 08/07/02 05:46:41 PM |
| Order Status | processing |
| Auth/Approval Number | COqjAZ |
| transaction Number | |

## Products Ordered

| Product Name | Quantity | Cost |
|---|---|---|
| [6003] Norton Antivirus 2002 | 1 | 44.95 |

## Customer Information

| | |
|---|---|
| First Name | Billy |
| Last Name | Ott |
| Address | ██████████ |
| City | ██████████ |
| State | ████ |
| Zip | █████ |
| Country | ██████ |
| Phone Number | ████████ |
| Email | k. |
| Password | ██████ |





## Internal Use

| | |
|---|---|
| Payment Method | ECheck |
| CCid |  |
| AVS | |
| IP | ████████████ |

2531

Gito Admin

| | |
|---|---|
| Site | bob |
| Site Order ID | 0 |
| Ship Method | Standard Ground |
| Ship Price | 0.00 |

## Order History

| Date | Status | Message | ChangedBy |
|---|---|---|---|
| August 7, 2002, 5:46 pm | approved | COqjAZ | |
| August 14, 2002, 7:01 pm | shipped | AUTO UPDATED | |
| September 15, 2002, 1:44 pm | shipped | status change shipped to processing | pmmci |

## Order Notes

[Add Note]

## Shipping Returns Received
**- Can't view .tiff in browser?** [Click Here]

No Results found

September 25, 2002

This site brought to you by Gito, (C) 2000, 2001

**2532**

Please fold or cut in half

## DO NOT PHOTOCOPY

Using a photocopy could delay the delivery of your package and will result in additional shipping charge

SENDER'S RECEIPT
Airbill #:   16293102254

To(Company):
Cheryl Bunch



Attention To:
Phone#:

Sent By:        S. Manager
Phone#:        877-598-9551

Rate Estimate:    $5.10
Protection:       Not Required
Description:      1|6003

Weight (lbs.):    Letter
Dimensions:       0 x 0 x 0

Ship Ref:         643426
Service Level:    Second Day (2nd
business day by 5 PM)

Special Svc:
COD Amount:       $ 0.00
Payment Options:
Date Printed:     9/27/2002
Bill Shipment To: Sender
Bill To Acct:     

Airborne Signature (optional) _____ Route _____ Date _____ Time _____

For Tracking, please go to www.airborne.com or call 1-800-AIRBORNE

Thank you for shipping with Airborne Express

Create New Shipment          View Pending Shipments

## AIRBORNE EXPRESS.

https://corporateexchange.airborne.com/shipmentdocuments/labeldoc.asp

9/27/2002
1239 8/99 S

2533

Page 1 of 2

Gito Admin



**Search  |  Order List  |  RMA List**

**Admin**
Simple Search
Advanced Search
Order List
Manually Add Order

**Admin**
Flagged Orders

**RMA (Returns)**
RMA List
RMA Search
Add RMA

## Order Information
[Flag Order for Inspection]

Order Number        643426
                    [print sales draft]

Order Date          07/15/02 09:59:59 PM

Order Status        shipped

Date Shipped:       2002-07-17
Tracking Number

Auth/Approval       068444
Number

transaction Number N/A

## Products Ordered

| Product Name | Quantity | Cost |
| --- | --- | --- |
| [6003] Norton Antivirus 2002 | 1 | 44.95 |

## Customer Information

First Name          Bunch

Last Name           Cheryl

Address             ████████

City                ████████

State               ████

Zip                 ████

Country             ████

Phone Number        ████████

Email               c████████h@████.co

Password            ████████





## Internal Use
Payment Method      Visa
CCid                50436429

**2534**

http://www.gito.com/software/admin/edit.php?order_num=643426            9/27/02

Gito Admin

```
AVS
IP
Site              bob
Site Order ID     0
Ship Method       Standard Ground
Ship Price        0.00
```

## Order History

| Date | Status | Message | ChangedBy |
|---|---|---|---|
| July 15, 2002 10:00 pm | approved | Approved | |
| July 17, 2002 2:35 pm | shipped | AUTO UPDATED | |

## Order Notes

[Add Note]

## Shipping Returns Received
- Can't view .tiff in browser? [Click Here]

No Results found

September 27, 2002

This site brought to you by Gito, (C) 2000, 2001

2535

http://www.gito.com/software/admin/edit.php?order_num=643426

9/27/02

**EXHIBIT E**

X 1 BO2 :/US/FI/FINCAP/CAPTURE/LD 07/15/2003
Command ===>
S/E NUMBER

Pg    12962 of    19986 Line   15
Scroll ==> 472



| ACCT TYPE | ACCOUNT NUMBER | INVOICE NUMBER | REF/TKT NUMBER | MFSN SEQ/ NO | MAG NO | JUL/ DATE | CHG CD | TRN PAY CD | OPID PLN /AMT RDST | LOCAL CURRENCY DOLLAR AMT | U.S. EQUIV DOLLAR AMT | BILLING DOLLAR AMT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| S/E NUMBER | | | | | | | | SQC AMOUNT : | 1,108.15 | | RE-SUPPLY ITEM COUNT: | |
| C/M | | 196000 | 213695953 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213549734 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213553214 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213531700 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213477135 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213499156 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213472246 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| C/M | | | 213450743 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| S/E | | | 213452629 | | | 030714 | 05 | | | 29.95 | 29.95 | |
| | | | | | | 196 | 93 | | 43 1 0 | 1,108.15 | 1,108.15 | |

| | | | |
|---|---|---|---|
| BOOK DETAIL TRANSACTIONS : | | 1,108.15 | 1,108.15 | .00 |
| BOOK SUMMARY TRANSACTIONS : | | 1,108.15 | 1,108.15 | .00 |
| BOOK NON-AMEX TRANSACTIONS : | | .00 | .00 | .00 |

```
X 1 802:/US/FI/FINCAP/CAPTURE/LD 07/16/2003                                    Pg    14096 of    17740 Line  15
Command ===>                                                                                        Scroll ==> 472
S/E NUMBER

ACCT
TYPE  ACCOUNT NUMBER                    :                   SOC AMOUNT :        39.95-          RE-SUPPLY ITEM COUNT:
C/M
S/E   ▓▓▓▓▓▓▓▓▓

                                                MFSN  MAG   JUL/   TRN   OPID
      INVOICE   REF/TKT      SEQ/  CHG   PAY /AMT   LOCAL CURRENCY   U.S. EQUIV    BILLING
      NUMBER    NUMBER       NO    NO    DATE   CD  PLN  RDST   DOLLAR AMT     DOLLAR AMT    DOLLAR AMT
                                                                                                      ROC AMT
      197000    211836939               030715  06              39.95-         39.95-                 ROC AMT
                                         197    83              39.95-         39.95-

      BOOK DETAIL            TRANSACTIONS -------------:                        39.95-         39.95-          .00
      BOOK SUMMARY           TRANSACTIONS -------------:                        39.95-         39.95-          .00
      BOOK NON-AMEX          TRANSACTIONS -------------:              0           .00            .00           .00
      BOOK INVALID AR        TRANSACTIONS -------------:              0           .00            .00           .00
      BOOK INVALID AP        TRANSACTIONS -------------:              0           .00            .00           .00
      BOOK OUT-OF-BALANCE    AMOUNT       -------------:              0           .00            .00           .00
      BOOK MAJOR VARIANCE    AMOUNT       -------------:              0           .00            .00           .00
      BOOK MINOR VARIANCE    AMOUNT       -------------:              0           .00            .00           .00
      BOOK SUSP ALL VALID ROC TRANSACTIONS ------------:              1
                                                                     0
```

9622

Page: 1 Document Name: Jo Ann

X 1 802: ●●●●●●●●●
Command ===>

08/02/2003

Pg  5 of  9 Line 51
Scroll ==> FULL

```
**************************************************************************
  0719  436909       59.95-      2.10-   57.85-  198V0351  2380.58  0  0717 0566 00000000  02 198000452  1
A AX 197000        0.00       0.00            198V0351  2380.58  0  0717  642        0.00  02 197018000  0
  0719  197000       89.80       3.14    86.66  198V0351  2380.58  0  0717 0501 00045692  02 197018000  2
A AX 197000        0.00       0.00            198V0351           0  0716 0501 00045648  02 197018000  0
  0719  197000      134.85       4.72   130.13  198V0351  2380.58  0  0717 0501 00045648  02 197018000  3
A AX 197000        0.00       0.00            198V0351           0  0716                0.00  02 197018000  0
  0719  197000      349.28      12.22   337.06  198V0351  2380.58  0  0717 0004 00045688  02 197018000  17
A AX        0.00     0.00                       198V0351           0  0717        0.00  02 197018000  0
  0719  197000      569.05      19.15   549.80  198V0351  2380.58  0  0716 0501 00045669  02 197018000  19
A AX        0.00     0.00                       198V0351           0  0716              0.00            0
**************************************************************  End of page  *****************************************
```

```
X 1 802:/US/FI/FINCAP/CAPTURE/UD 07/16/2003                                          Pg    14102 of    17740 Line   15
Command ===>                                                                         RE-SUPPLY ITEM COUNT:        Scroll ==> 4/2
S/E NUMBER : S04-605-850-9           SOC AMOUNT :        89.80
```

| ACCT TYPE ACCOUNT NUMBER | INVOICE NUMBER | REF/TKT NUMBER | MFSN SEQ/ NO | MAG NO | JUL/ CHG DATE | TRN PAY/AMT CD PLN RDST | OPID | LOCAL CURRENCY DOLLAR AMT | U.S. EQUIV DOLLAR AMT | BILLING DOLLAR AMT |
|---|---|---|---|---|---|---|---|---|---|---|
| C/M | 197000 | 213817404 | | | 030715 | 05 | | 44.95 | 44.95 | |
| C/M | | 213835389 | | | 030715 | 05 | | 44.85 | 44.85 | |
| S/E | | | | | 197 | 93 | | 89.80 | 89.80 | |

```
BOOK DETAIL        TRANSACTIONS --------------- :   2    89.80    89.80    .00   ROC AMT
BOOK SUMMARY       TRANSACTIONS --------------- :   1    89.80    89.80    .00   ROC AMT
BOOK NON-AMEX      TRANSACTIONS --------------- :   0     .00      .00     .00   ROC AMT
BOOK INVALID AR    TRANSACTIONS --------------- :   0     .00      .00     .00
BOOK INVALID AP    TRANSACTIONS --------------- :   0     .00      .00     .00
BOOK OUT-OF-BALANCE AMOUNT       --------------- :  0     .00      .00     .00
BOOK MAJOR VARIANCE AMOUNT       --------------- :  0     .00      .00     .00
BOOK MINOR VARIANCE AMOUNT       --------------- :  0     .00      .00     .00
BOOK SUSP ALL VALID ROC TRANSACTIONS ----------- : 0     .00      .00     .00
```

```
X 1 802:/US/FI/FINCAP/CAPTURE/LD  07/16/2003                                          Pg  14097 of  17740 Line 15
Command ===>                                                                          Scroll ==> 472
S/E NUMBER

ACCT
TYPE ACCOUNT NUMBER
C/M
C/M
C/M
S/E

                                              SOC AMOUNT :      134.85      RE-SUPPLY ITEM COUNT:

                  MFSN  JUL/  TRN PAY/AMT  OPID
INVOICE  REF/TKT  SEQ/  CHG   PLN RDST     LOCAL CURRENCY   U.S. EQUIV    BILLING
NUMBER   NUMBER   NO    DATE              DOLLAR AMT        DOLLAR AMT    DOLLAR AMT
              MAG NO
197000   213879775       030715  05              44.95          44.95
         213900163       030715  05              44.95          44.95
         213884076       030715  05              44.95          44.95
                         197     93              134.85         134.85

BOOK DETAIL             TRANSACTIONS --------- :        1
BOOK SUMMARY            TRANSACTIONS --------- :        3
BOOK NON-AMEX           TRANSACTIONS --------- :              134.85       134.85              .00  ROC AMT
BOOK INVALID AR         TRANSACTIONS --------- :              134.85       134.85              .00  ROC AMT
BOOK INVALID AP         TRANSACTIONS --------- :                 .00          .00              .00  ROC AMT
BOOK OUT-OF-BALANCE     AMOUNT       --------- :                 .00          .00              .00  ROC AMT
BOOK MAJOR VARIANCE     AMOUNT       --------- :                 .00          .00              .00
BOOK MINOR VARIANCE     AMOUNT       --------- :                 .00          .00              .00
BOOK SUSP ALL VALID ROC TRANSACTIONS --------- :                 .00          .00              .00
```

9625