UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Venue)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. CR-08 00197-RMW |
| Plaintiff, ) | SUPPLEMENTAL DECLARATION OF RICHARD C. CHENG IN SUPPORT OF ORDER AUTHORIZING DEPOSITIONS PURSUANT TO F. R. CRIM. P. 15 |
| v. ) | |
| SHAILESKUMAR JAIN, ) | |
| a/k/a SAM JAIN, ) | |
| Defendant. ) | |

I, RICHARD C. CHENG, declare as follows:

1. I am an Assistant United States Attorney for the Northern District of California, San Jose, California, United States of America. I am assigned to prosecute the above-entitled case.

**MLATs Issued Through OIA and Received By Uruguay and Switzerland**

2. During the course of the investigation of the sale of counterfeit Symantec software by the defendant, Shaileskumar Jain ("Jain"), I, in conjunction with the investigating agents, have contacted attorneys in the Office of International Affairs (OIA) of the United States Department of Justice assigned to handle matters relating to obtaining documents and other information from the foreign countries of Uruguay, Switzerland and the People's Republic of China. The investigating agents are Rick Cortez, a

special agent in United States Immigration and Customs Enforcement (ICE), and Derek Chu, a special agent in the Internal Revenue Service, Criminal Investigative Division.

3. Through the OIA, and pursuant to the Mutual Legal Assistance Treaties that exist between the United States and Uruguay, as well as the United States and Switzerland, the United States has already requested the assistance of Uruguay and Switzerland in obtaining records and locating certain persons for interviews and/or depositions. I have additionally confirmed through OIA that judicial officers in Uruguay and Switzerland have already received and accepted the our MLAT requests for assistance and have begun acting in accordance with our requests.

**Requested Deposition In Uruguay**

4. Specifically, I am informed that Uruguayan Federal Judge Gabriel Merialdo Cobelli has already been assigned to assist the United States in obtaining documents from several financial institutions as well as locating and assisting in the interviews and/or depositions of the following Uruguayan citizens: Juan Birnbaum, former Merrill Lynch Uruguay employee; Marcelo Jorcin, former Merrill Lynch Uruguay employee; Alvaro Muscio, former Merrill Lynch Uruguay employee; Walter Ponce De Leon Cortes, the ostensible president of Rivonal Corporation S.A.; and Federico Ponce De Leon, business associate of Sam Jain.

5. As previously detailed in the Government's motion for foreign depositions, and by information and belief, it is anticipated that these Uruguayan citizens will at a minimum state the following at the requested deposition in Uruguay: Alvaro Muscio, Juan Birnbaum, and Marcelo Jorcin, all employees of Merrill Lynch Uruguay, will state that they knowingly and fraudulently established shell financial accounts for the defendant, using Claudio Ferreira Dos Santos' name, signature, and passport.

6. As previously detailed in the Government's motion for foreign depositions, and by information and belief, it is anticipated that Uruguayan citizen Claudio Ferreira Dos Santos will state that he has no knowledge of the two companies called Financiera Volturno, Rivonal Corporation S.A., or any Merrill Lynch investment accounts in Uruguay or Switzerland. Dos Santos will state that he was not made aware that he was even the registered representative of the two Uruguayan companies until he was informed about a Merrill Lynch Uruguay account upon being contacted by Merrill Lynch Uruguay in March 2006. At this point, Dos Santos was told that his name was on the signature card for

1  the account. Most particularly, Dos Santos will state that Jain used Dos Santos' personal information
2  to establish a personal holding company, a corporation, and investment accounts in Uruguay and
3  Switzerland to act as the repository of the monies received from the sale of counterfeit software. Dos
4  Santos will also state that he knows the defendant because he had previously served as an employee of
5  Jain in Brazil, when the defendant asked him to be the registered representative of Reydson Serviços
6  Telecomunicações Ltda., a company in Brazil.

7.  As previously detailed in the Government's motion for foreign depositions, and by information and belief, it is anticipated that Uruguayan attorney Federico Ponce De Leon, who is a citizen and resident of Uruguay, will state that he first established the holding company, named Financiera Volturno, in Uruguay at the request of the defendant. Using Financiera Volturno, and at Jain's instruction, he then established the above-noted corporation, named the Rivonal Corporation S.A., which was ostensibly owned by Financiera Volturno. Further he will state that, at Jain's instructions, Dos Santos was listed as having power of attorney over Financiera Volturno and was listed as the sole member of the Rivonal Corporation's Board of Directors.

**Arrangements For Depositions In Uruguay**

8.  By information and belief, I have become aware that Swiss law enforcement authorities have previously interviewed a number of individuals in Uruguay involved in the matter, with the assistance of Uruguayan Federal Judge Gabriel Merialdo Cobelli. Judge Cobelli has already been assigned to assist the United States in gathering information and questioning the proposed Uruguayan citizens based upon his familiarity with the investigation, and can and will assist in ensuring the presence of each of the individuals to be depose. Further Judge Cobelli can provide the same space and location previously provided to the Swiss authorities for their questioning of the Uruguayan citizens, to the current parties.

9.  In the alternative, the United States can and will make arrangements for a conference room to be used by the parties for the proposed depositions at the Untied States Embassy in Montevideo, Uruguay. Regardless of the location of the deposition, the United States, along with the assistance of an American consular officer or other acceptable person, will administer the appropriate oath and a

videographer who will record each of the depositions on videotape, such that the depositions may be played and reviewed by this Court and the jury empaneled to try the instant matter.

**Requested Deposition In Switzerland**

10.     As previously detailed in the Government's motion for foreign depositions, and by information and belief, the illicit funds received from the sale of the counterfeit Symantec computer software were laundered through financial institutions in the United States to the Merrill Lynch Uruguay account of Financiera Volturno and Rivonal Corporation S.A. Then, the illegally derived proceeds were transferred to another Merrill Lynch shell account in Switzerland, which currently contains an approximate balance of $13.5 million USD. That sum has been frozen by the Swiss authorities and is in the name of nominee owners put into place by Jain. Further, I am informed that the same Swiss account is not the subject of a forfeiture complaint and seizure warrant issued by the Federal District Court in Southern District of New York. As a request, the MLAT issued though OIA and received by the Swiss authorities, which includes the request by the United States Attorney's Office in the Southern Dsitrict of New York, Manhattan, has already been assigned to Swiss law enforcement officers for handling. It is believed that the Swiss law enforcement officers assigned to assist in gathering of documents and the interviewing of witnesses, are in part, the same individuals that the United States have asked to be deposed.

11.     Specifically, Investigating Agents Cortez and Chu have previously met with and spoken to Christian Coquoz and Boillat Laurence, both Swiss Federal prosecutors, as well as Michel Charpiot, a Swiss law enforcement officer, regarding the Swiss investigation. As a result of this ongoing contact, I have been informed and believe that Jain, voluntarily and completely at his own free will, submitted to a recorded interview by the Swiss investigators, regarding Jain's association with the funds in the Swiss account.

12.     By information and belief, the Swiss witnesses will state among other matters, that the defendant admitted his ownership of the Swiss account, despite the fact that the account was placed in the name of a nominee owner and a shell corporation at the defendant's direction.

13. By information and belief, the Swiss witnesses will also state that the defendant further admitted that the funds contained in the Swiss account was amassed as the result of proceeds derived from the sale of Symantec software.

14. I have been informed by Collette Ford, the OIA attorney assigned to handle the MLAT request to the Swiss, that Christian Coquoz, who previously questioned the defendant in Switzerland, is no longer employed as a Swiss federal prosecutor, but is now the chief local prosecutor for Bern, Switzerland. As a consequence, OIA Attorney Ford has also informed me that Mr. Coquoz is unwilling to come to the United States for testimony at the trial of the defendant.

15. I have further been informed by OIA Attorney Collette Ford that the remaining original members of the team assigned to investigate Jain and who were present, including Boillat Laurence, a Swiss Federal prosecutor, and Michel Charpiot, the Swiss law enforcement officer present during the questioning of Jain in Switzerland, are also unwilling to travel to the United States to provide testimony at the trial of the defendant.

**Arrangements For Depositions In Switzerland**

16. Because all of the proposed deponents in Switzerland reside in Bern, the United States proposes to conduct the deposition in Bern. In order to provide the defendant with some degree of familiarity, if not comfort, the depositions may even be located in the very same room used by the Swiss to question the defendant previously.

17. In the alternative, the United States can and will make arrangements for a conference room to be used by the parties for the proposed depositions at the nearest United States Embassy in Bern, Switzerland. The address of that location is Sulgeneckstrasse 19, CH-3007 Bern, Switzerland. The phone number is 031 357 70 11. Regardless of the location of the deposition, the United States, along with the assistance of an American consular officer or other acceptable person, will administer the appropriate oath and a videographer who will record each of the depositions on videotape, such that the depositions may be played and reviewed by this Court and the jury empaneled to try the instant matter.

**Requested Deposition In The People's Republic of China, Shanghai**

18. As previously detailed in the Government's motion for foreign depositions, the United States has identified a number of persons and businesses that may have served as Jain's source of supply

for the counterfeit Symantec software. One such individual, highlighted by Jain's own attorneys, Jay Weill, as being one of their client's source is an individual known as Mark Ma. According to the information provided in part by the Chinese government, Ma's true name is Ke Pei Ma, born on January 19, 1958 and is an individual who was previously assigned a United States Alien Registration number. Ma departed from the United States in October 2002 and is currently located in a Chinese prison facility in Shanghai, China.

19.   Although the investigating agents have not been able to speak directly to Ma, it is believed that Ma, who is easily located  because of his status as a inmate of a Chinese prison in Shanghai, China, will be cooperative and can recount his dealings with the defendant in the sale of counterfeit Symantec software to Jain.

20.   Because a formal Mutual Legal Assistance Treaty does not formally exist between the United States and China, no formal request for assistance can be issued through OIA to the current Communist Chinese government. However, I have been informed and believe that the issuance of an order to take the deposition of a Chinese prison inmate by a Federal District Court Judge of the United States will give substance and the requisite authority to the Government's request for access to Ma and may result in his formal deposition. If granted, the deposition may be conducted directly at the prison facility, along with the assistance of an American consular officer or other acceptable person, who will administer the appropriate oath and a videographer who will record the depositions on videotape, such that the depositions may be  played and reviewed by this Court and the jury empaneled to try the instant matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 23, 2008.

_____ RICHARD C. CHENG

# Appendix A