*E-filed 8/6/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHAILESHKUMAR JAIN a.k.a. SAM JAIN,<br><br>　　　　Defendant.<br>_____/ | Case No. CR-08-00197 RMW (HRL)<br><br>**ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS AND TO COMPEL DISCOVERY, AND ON THE UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY** |

*Background*

Defendant Shaileshkumar Jain was indicted on 31 counts related to distributing counterfeit Symantec software (1 count of criminal copyright infringement, 12 counts of trafficking in counterfeit goods, 9 counts of wire fraud and 9 counts of mail fraud). The government alleges that he advertised genuine Symantec software for sale, but knowingly sold counterfeit.

The court heard oral argument on July 17, 2008. As of that date, the government had produced 21,295 pages of discovery. According to defendant, most of it consists of redacted Airborne Express shipping records, which provide little or no assistance in preparing a defense. The defendant moves for a bill of particulars and to compel production of items, expert reports, and unredacted versions of the previously produced documents. The government opposes defendant's motions, and also moves for reciprocal discovery.

//

*Defendant's Motion for a Bill of Particulars*

The purpose of a bill of particulars (provided for in Fed. R. Crim. P. 7(f)) is to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to protect him against double jeopardy. *See United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir.1984); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), cert. denied, 444 U.S. 979 (1979).

The defendant alleges that the government's "massive disclosure" of documents prevents him from meaningfully preparing for trial because the sheer number of pages have obscured the particularity of the charges in the indictment. In his moving papers he goes through each count of the indictment and complains that he cannot identify the counterfeit works, the purchases, or the documents evidencing the shipments in the mountain of documents the government produced. He wants the government to point out each and every shipment of a counterfeit and to show who received it. He wants the total numbers of counterfeit and genuine works he is alleged to have acquired, and the number of each sold. Basically, he wants a step by step, item by item description of the information the government has about his activities.

Courts have discretion to decide whether to grant a motion for a bill of particulars, but "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.1983). The Supreme Court "outlined the standards by which the adequacy of an indictment is to be evaluated." *Giese*, 597 F.2d at 1177. The criteria are: "first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet and secondly in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." *Id*. (citing *U.S. v. Russell*, 369 U.S. 749, 763-64 (1962)). The indictment at issue is adequate under these standards. Each statute the defendant is alleged to have violated is cited, and the elements of the offense charged are included in the counts. The indictment also contains additional factual allegations including the addresses of some of the victims, the dates when allegedly counterfeit software was mailed,

1  the web addresses where genuine software was advertised for sale, and the identity of a
2  cooperating witness. Defendant's claims that the indictment is "vague" and confusing, or that it
3  need further clarification in light of the sheer volume of discovery that was produced are
4  unpersuasive. The defendant has not shown how this indictment is inadequate, and indeed, it is
5  adequate in the court's view.

6  *Defendant's Motion to Compel Discovery*

7      The defendant argues that "despite his repeated requests," the government has failed to
8  produce various documents and items he is entitled to under Fed. R. Crim. Pro. 16(a): (1) the
9  actual Symantec software CDs that the government claims are counterfeit (which defendant
10  wants analyzed by his own expert); (2) any Symantec software CDs the government has that are
11  not counterfeit; (3) expert Reports; (4) unredacted copies of the produced documents; and (5)
12  witness statements from all prospective government witnesses. The government replies that: (1)
13  it will make the physical evidence available at a mutually-agreeable time and place; but will not
14  identify which particular documents will be used to demonstrate culpability; (2) it will comply
15  with its obligations to disclose exculpatory information; (3) it will produce any reports of
16  experts it intends to use in its case in chief, and has already produced at least one such report;
17  (4) the redactions only removed personal information from the documents to protect the victims'
18  privacy, and the redacted information is irrelevent to the defendant's case; and (5) the
19  government will produce a list of witnesses in its trial memorandum.

20      The first three issues raised in defendant's motion have been addressed above. At the
21  hearing, the government agreed to produce any witness statements that it receives, but
22  represented that it did not have any at that time. The government shall produce written witness
23  statements when it obtains them. The court cannot compel the government to produce what it
24  does not possess.

25      Also at the July 17 hearing, the government said it would permit the defendant to
26  examine its physical evidence once protocols were developed, and both attorneys agreed to
27  work on developing them. In addition, the government stated that it would be retaining Robert
28  Freedman as its expert, and would submit the required expert report in a timely manner. The

1 motion to compel the government to produce physical evidence in the government's possession
2 and expert reports is denied as moot.

*Redactions*

In its papers, the government claims that the names of the alleged victims "were not redacted," while "addresses, phone numbers, email addresses, [and] account numbers" were redacted to protect the third parties' privacy. *See* Gov't Response and Opposition, page 7. At the hearing, however, the government's counsel admitted that it *had* redacted the names, and said that its papers were not meant to have suggested otherwise. An examination of the examples defendant provided as exhibits to his Reply confirms that the government sometimes redacted names in addition to the other personal information, seemingly at random. *Compare* Defendant's Exhibit B with Defendant's Exhibit C. Counsel ultimately framed the issue at the hearing as "does Rule 16 forbid or permit the government to produce redacted documents?" And, both attorneys agreed that the text of Rule 16 neither permits, nor forbids redactions.

Apparently, there is no dispute that the shipping records—the bulk of the documents that the government produced—are documents that the defendant would be entitled to under Rule 16. The government says he has them, so end of story. The defendant says he may have them, but he cannot use them on account of the redactions of names and addresses.

The government acknowledged that it intends to use at least some of the shipping records at trial. Moreover, the defendant has demonstrated the materiality of the names and addresses to his case: defense counsel wants to interview the recipients of the allegedly counterfeit software. The government alleges that the recipients have asked to have their identities protected, and that the redactions were done for their sake. Be that as it may, the government cannot prevent defense counsel from attempting to contact the recipients. The defendant has the right to investigate the government's information, just as the recipients have the right to talk to, or refuse to talk to, the defendant's counsel. Absent proof of abuse or harassment, the government's redactions of the names and addresses on the shipping records cannot stand. Because Rule 16 requires disclosure under these circumstances, the government

**United States District Court**
For the Northern District of California

must permit the defendant to inspect and copy shipping records that do not have the recipient's names and addresses redacted not later than August 20, 2008.

*Government's Motion for Reciprocal Discovery*

At the hearing, counsel for defendant acknowledged his obligation to comply with Rule 16(b) and produce reciprocal discovery to the government. The government's motion is therefore granted, and defendant will produce the documents, objects and reports required under Fed. R. Crim. P. 16(b) not later than August 20, 2008.

**IT IS SO ORDERED.**

Dated: 8/6/08



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**Notice has been electronically mailed to:**

jweill@sideman.com

richard.cheng@usdoj.gov

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  8/6/08

/s/ mpk  
Chambers of Magistrate Judge Lloyd